**UNITED STATES of America,**

v.

**Warren Sanders CAWTHON, James B. White and Buel Lanier Trapnell.**

**No. 7024.**

United States District Court
M. D. Georgia, Macon Division.

Oct. 25, 1954.

Frank O. Evans, U. S. Atty., Floyd M. Buford, Jos. H. Davis, Asst. U. S. Attys., Macon, Ga., for the United States.

W. M. Redman, Jackson, Ga., Harris, Russell, Weaver & Watkins, Macon, Ga., H. D. Russell and T. Reese Watkins, Macon, Ga., of counsel, for defendants White and Trapnell.

Alfred D. Fears, Jackson, Ga., Martin, Snow & Grant, T. Baldwin Martin, Macon, Ga., of counsel, for defendant Cawthon.

DAVIS, Chief Judge.

The grand jury returned a seven-count indictment against the defendants, Warren Sanders Cawthon, James B. White, and Buel Lanier Trapnell.

Counsel for the defendants White and Trapnell filed on their behalf motions to dismiss the indictment in the case on the grounds of insufficiency. The motions came on for hearing and the Court heard extensive arguments by counsel for both sides.

The first count of the indictment is a conspiracy count and the others are substantive counts. For reasons of convenience and clarity the Court prefers to deal with the substantive counts first.

These counts allege violations of Section 656, Title 18, U.S.C. and each violation, except for dates, amounts and names is alleged in identical language. For the purpose of this opinion Count II is set forth verbatim. There is no material variance in the succeeding counts. Count II, is as follows:

"On or about the 6th day of November, 1952, in the Macon Division

of the Middle District of Georgia, Warren Sanders Cawthon, being then and there an officer and employee, to-wit: Cashier, of the Jackson National Bank, Jackson, Georgia, a National bank, and one, James B. White, did unlawfully and willfully misapply and cause to be misapplied, certain moneys, funds, and credits of the Jackson National Bank, and moneys, funds, assets and securities entrusted to the care and custody of said Jackson National Bank, to-wit: the sum of $7,987.00, in that the said James B. White did execute a certain check, dated November 3, 1952, No. 2293 made payable to Farmers Bank, drawn on the Jackson National Bank, Jackson, Georgia, in the sum of $7,987.00, signed White Pontiac Company, J. B. White, and the said Warren Sanders Cawthon being then and there an officer and employee of said Jackson National Bank, at the request of defendant, James B. White, did honor, accept and pay said check, when in truth and in fact, there was not at said time sufficient funds on deposit in the account of White Pontiac Company and J. B. White at said Jackson National Bank to pay said check."

█ It should first be noted that the indictment does not charge the defendants with embezzlement, theft or purloining or any crime known at common law. Nowhere in the allegations are the defendants charged with the intent to defraud or injure the bank. They are merely charged with willfully misapplying the funds of a national bank. The factual allegations only allege the drawing and cashing of an overdraft without setting forth any surrounding circumstances such as would make this action a violation of the statute. The mere drawing and cashing of an overdraft, without more, is not a criminal offense under this section. U. S. v. Heinze, C.C., 161 F. 425. Under U. S. v. Britton, 107 U.S. 655, 669, 2 S.Ct. 512, 524, 27 L.Ed. 520, a mere allegation that the defendant willfully misapplied funds of the bank is not sufficient. The addition of the word "unlawfully" would not cure this defect. In the Britton case, the Supreme Court said "The words 'willfully misapplied' are, so far as we know, new in statutes creating offenses, and they are not used in describing any offense at common law. They have no settled technical meaning like the word 'embezzle' as used in the statutes, or the words 'steal, take, and carry away,' as used at common law. They do not, therefore, of themselves fully and clearly set forth every element of the offense charged. It would not be sufficient simply to aver that the defendant 'willfully misapplied' the funds of the association. This is well settled by the authorities we have already cited. There must be averments to show how the application was made and that it was an unlawful one."

█ This principle has recently been restated in U. S. v. Matsinger, 3 Cir., 191 F.2d 1014. In a similar vein is the decision in U. S. v. Crummer, 10 Cir., 151 F.2d 958, 962, which held: "Where a statute creating an offense sets forth fully, directly, and expressly all of the essential elements necessary to constitute the crime intended to be punished, it is sufficient if the indictment charges the offense in the words of the statute. But where the statute is in general terms and does not set out expressly and with certainty all of the elements necessary to constitute the offense, the indictment must descend to particulars and charge every constituent ingredient of which the crime is composed."

There are other holdings to the effect that "intent to defraud" is an essential element of the offense of willful misapplication, Britton v. U. S., supra, and must be alleged. McCallum v. U. S., 8 Cir., 247 F. 27, 35; McKnight v. U. S., 6 Cir., 111 F. 735.

The section under which this indictment is brought is a 1948 revision of former Section 592, Title 12, U.S.C. The above cited cases involved charges which arose under the old section. The Unit-

ed States contends that these holdings do not apply to the revised statute, which omits the words "intent to defraud", and in support of this position relies on the cases of U. S. v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604, and U. S. v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619. This contention, however, is conclusively answered by the Supreme Court in Morissette v. U. S., 342 U.S. 246, 72 S.Ct. 240, 249. There, Justice Jackson speaking for the Court and interpreting a similar statute, 18 U.S.C § 641, said:

"Congress, therefore, omitted any express prescription of criminal intent from the enactment before us in the light of an unbroken course of judicial decision in all constituent states of the Union holding intent inherent in this class of offenses, even when not expressed in a statute."

In that case it was urged that while intent might be a necessary element of embezzlement, stealing or purloining, as they were crimes known at common law, it should not be held an essential element of the offense of "knowingly converting". This is comparable to the grouping of willful misapplication with the offenses of embezzlement, abstraction and purloining in Section 656. The Court answered this contention, as follows: "We find no other purpose in the 1948 re-enactment than to collect from scattered sources crimes so kindred as to belong in one category. Not one of these had been interpreted to be a crime without intention and no purpose to differentiate between them in the matter of intent is disclosed. * * * If one crime without intent has been smuggled into a section whose dominant offenses do require intent, it was put in ill-fitting and compromising company."

That statement is equally applicable here. As was further stated in that case, the Balint and Behrman cases, supra, do not lay down principles of construction generally applicable to criminal statutes. They were narcotic cases and the rules there announced apply to statutes which are more regulatory in nature and not to statutes creating offenses such as here involved. Evil intent must guide the evil hand to constitute an offense such as the one here under consideration. The revisers' notes following Section 656, Title 18, clearly show that there was no intention to eliminate the requirement of the intent to defraud. The revisers say: "The revised section without changing in any way the meaning or substance of existing law, clarifies, condenses, and combines related provisions largely rewritten in matters of style." 18 U.S. C.A. § 656.

■ Thus, it is clear to the Court that now, just as prior to 1948, to be valid an indictment for willful misapplication must allege an intent to defraud and must aver sufficient facts to demonstrate how the action of the defendants violates the law. The charging portion of the substantive counts of this indictment do not allege sufficient facts to charge an offense against the United States but, at most, charge the giving and cashing of overdrafts. That alone is insufficient.

The first count of the indictment charges the defendants with a conspiracy to violate the laws of the United States. The pertinent portions of that count charge that the defendants "did unlawfully, willfully, and knowingly, conspire and agree together with each other, and with divers other persons to the Grand Jurors unknown, to commit offenses against the United States, to-wit: the provisions of Section 656, Title 18 U.S.C., that the defendants James B. White and Buel Lanier Trapnell should draw and execute checks for various sums of money, on the accounts of J. B. White, White Pontiac Company and White Furniture Company, at the Jackson National Bank, of Jackson, Georgia, a National bank, the defendants knowing that the said accounts had insufficient funds to pay the amounts specified in said checks and that the said defendant, Warren Sanders Cawthon, then and there an officer and employee, to-wit: the Cashier of the Jackson National Bank, Jackson, Georgia, should willfully misapply the

moneys, funds and credits of said Jackson National Bank, and the moneys, funds and assets entrusted to custody and care of said Jackson National Bank by paying and honoring said checks." The grand jury then set forth fourteen overt acts which deal with the executing and cashing of certain specific overdrafts.

It will be noted that this count charges a conspiracy to violate Section 656, Title 18, U.S.C. by agreeing together that White and Trapnell should draw overdrafts on the Jackson National Bank and Cawthon should misapply funds of the bank by cashing the overdrafts, knowing them to be such. Neither the drawing of an overdraft on a national bank nor the recognition or cashing of it knowing it to be such, without more, is sufficient to constitute a criminal misapplication of funds. An overdraft on a national bank may be legal or criminal according to the intent of the person committing it. U. S. v. Heinze, supra, 161 F. 425; Dow v. U. S., 8 Cir., 82 F. 904. Thus, the object of the alleged conspiracy was not necessarily illegal nor was the means of accomplishing it necessarily illegal.

 To constitute a conspiracy in violation of Section 371, Title 18, U.S.C., either the object of the conspiracy or the means of accomplishing it must be illegal. When the criminality of a conspiracy consists in an unlawful agreement of two or more persons to accomplish some illegal purpose, that purpose must be fully and clearly stated in the indictment. Pettibone v. U. S., 148 U. S. 197, 13 S. Ct. 542, 37 L.Ed. 419; U. S. v. Olmstead, D.C., 5 F.2d 712. A count of a conspiracy indictment has been held defective where it failed to show the object of the conspiracy to be an offense against the United States. Brown v. U. S., 5 Cir., 21 F.2d 827. An indictment for conspiracy should state the essential elements of the substantive offense constituting the object of the conspiracy, though it need not be stated with the same particularity as in a substantive charge. Bartkus v. U. S., 7 Cir., 21 F. 2d 425. Similarly, where the criminality of the alleged conspiracy consists in an agreement to accomplish a lawful purpose by criminal or unlawful means, the means must be set out. Pettibone v. U. S., supra; Rudner v. U. S., 6 Cir., 281 F. 516. The indictment here under consideration does not allege sufficient facts to set forth either an illegal purpose or an agreement to use illegal means to accomplish a legal purpose. Since this count fails to sufficiently allege an illegal conspiracy, it is fatally defective.

Since the argument of these motions, counsel for the defendant Cawthon has filed a motion similar to those filed on behalf of White and Trapnell.

In view of the foregoing, the Court concludes that the indictment in this case and each count thereof is fatally defective as to all defendants.

It is, therefore, Ordered and Adjudged that the indictment in criminal case No. 7024 against Warren Sanders Cawthon, James B. White and Buel Lanier Trapnell be, and the same is hereby, Dismissed as to each defendant.