UNITED STATES of America, Plaintiff,

v.

Regina LOGSDON, Defendant.

Cr. No. 5372.

United States District Court
W. D. Kentucky, at Owensboro.
June 22, 1955.

**4**

J. Leonard Walker, U. S. Dist. Atty., Louisville, Ky., for plaintiff.

Rodes K. Myers and George B. Boston, Bowling Green, Ky., for defendant.

BROOKS, District Judge.

The defendant, Regina Logsdon, is charged in eighteen counts of an indictment with violation of 18 U.S.C.A. § 656. The language used in each count is the same with the exception of the dates, the amount and payees of the checks and as far as is pertinent here is as follows:

"On or about * * * the defendant, Bernard Ware Barrett, acting as Cashier of the insured bank, aided, abetted, counseled and induced by defendants, * * * Regina Logsdon, did wilfully misapply moneys, funds and credits of the insured bank, to-wit, * * * in that defendants * * * Regina Logsdon issued a check drawn on the account of Alabama-Kentucky Building Supply Company, Inc., in and with the insured bank in the sum aforesaid, payable to * * *; defendant Bernard Ware Barrett honored and paid this check from moneys, funds and credits of the insured bank, when in truth and in fact the defendants well knew there were insufficient funds in the account of Alabama-Kentucky Building Supply Company with which to pay this check."

It is the contention of the defendant that the wording of 18 U.S.C.A. § 656 does not contain the essential elements of the criminal offense intended to be charged and that therefore the indictment which admittedly follows the wording of the statute fails to define a crime and must be dismissed. Her argument is based on the fact that the present revised statute, 18 U.S.C.A. § 656, has dropped the language contained in the old section 12 U.S.C.A. § 592, 1940 Ed., providing that the willful misapplication of moneys be made "with intent in any case to injure or defraud such * * * bank * * *."

Whether or not the "intent * * to injure or defraud" is an essential element of a statutory crime when the terms of the statute omit it is a question of legislative intent to be determined by the Court. United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288. Also see Judge McAllister's dissenting opinion in Morissette v. United States, 6 Cir., 187 F.2d 427.

The Revisor's notes under 18 U.S.C.A. § 656 state that the purpose of revision was to clarify the verbose and redundant wording of the old Section 592 without changing in any way the meaning or substance of existing law. Certainly it was not the legislative purpose to eliminate criminal intent as an essential element of both charging and proving the crime defined in this statute. The revised statute, as did the old section, provides punishment for the willful misapplication of moneys of a member bank, and the words "willfully misapplies" appearing in this penal statute constitutes a sufficient charge of a criminal intent to defraud, the existence of which is an essential element of the offense. See the opinion of Judge Learned Hand in United States v. Matot, 2 Cir., 146 F.2d 197, 198,

wherein he stated that " 'wilful misapplication' of money presupposes a fraudulent intent, as does 'embezzlement' ".

The words "with intent * * * to injure or defraud" were undoubtedly omitted from the revised section as being redundant. Their omission does not change or detract from the former meaning of the statute.

It is also to be observed that the indictment of which the defendant complains not only follows the wording of the statute in charging the crime but, as it is required to do, specifically sets forth the manner in which the defendant knowingly aided and abetted in the misapplication of the moneys of the bank. It contains the elements of the offense intended to be charged and a definite statement of the essential facts that constitute the offense. Fed.Rules Cr.Proc. rule 7(c), 18 U.S.C.A.

Because of the reasons expressed in this memorandum the motion of the defendant to dismiss the indictment is overruled and an appropriate order is entered.