**UNITED STATES of America,**
**Plaintiff,**
**v.**
**William Moss VANNATTA, Defendant.**
**Crim. No. 11517.**

United States District Court
D. Hawaii.

Nov. 10, 1960.

See also 189 F.Supp. 939.

938

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, for plaintiff.

Robertson, Castle & Anthony, J. Garner Anthony, Honolulu, Hawaii, for defendant.

TAVARES, District Judge.

This case involves an indictment containing fourteen counts alleging willful misapplication of funds of an insured bank through honoring checks allegedly with knowledge that there were insufficient moneys in the account upon which they were drawn to pay the checks, all in alleged violation of 18 U.S.C.A. § 656, and one count alleging violation of 18 U.S.C.A. § 1005 in that the defendant, an officer, agent and employee of an insured bank allegedly made or caused to be made a false entry in a book, report and statement of the bank with intent to deceive the agents and examiners appointed to examine the affairs of that bank.

The defendant concedes that count XV contains a sufficient charge under the statute, but has moved, one day before the day set for the trial by jury, to dismiss the first fourteen counts of the indictment on the ground that each of them fails to set forth facts sufficient to charge an offense under Title 18 U.S.C.A. § 656. It is contended by the defendant that none of these first fourteen counts charges defendant with any crime at common law, and that none charges him with any intent to defraud or injure the bank.

Defendant's counsel cites, in support of the motion, United States v. Cawthon, D.C.M.D.Ga., Macon Div. 1954, 125 F. Supp. 419. On the other hand government counsel relies on United States v. Logsdon, D.C.W.D.Ky.1955, 132 F.Supp. 3, affirmed on appeal in Logsdon v. United States, 6 Cir., 1958, 253 F.2d 12. While the Cawthon case is only a district court decision and the two Logsdon cases supra are more recent rulings and one of them is a court of appeals decision, I find the former much more persuasive than the latter.

None of the first fourteen counts expressly charges intent to defraud or injure the bank. The government, in effect, contends that this is implied by the use of the term "wilfully" in each count, following the Logsdon decisions. The typical language of each of these counts follows substantially that of count I quoted in part in the margin.[1]

As held in the Cawthon case, the section under which this indictment is brought (18 U.S.C.A. § 656) is a 1948 revision of former § 592 of Title 12 U.S. C.A. The earlier section expressly prescribed an intent to defraud as a necessary ingredient of the crime. This being the case, a charge in the words of the earlier statute would necessarily have included an express allegation of fraudulent intent. Under the earlier section, therefore, it seems clear that fraudulent intent was one of the "essential

1. "That on or about July 30, 1959, * * William Moss Vannatta, an officer, agent and employee of an insured bank * * * did wilfully misapply moneys, funds and credits of such bank, in that he did honor and pay with moneys, funds and credits of said insured bank a check in the amount of * * * payable to * * *, drawn by and on the account of Stephen R. Benchwick at said branch, knowing at the time thereof that there were insufficient funds in the said account of said Benchwick with which to pay said check, in violation of Title 18 United States Code, Section 656."

facts constituting the offense charged", under Rule 7(c), F.R.Cr.P., 18 U.S.C.A. The authorities unanimously appear to hold, and the government concedes, that intent must be proved as a necessary ingredient of the crime.

The reasoning of the Logsdon decisions, in my opinion, is not very convincing. Moreover the Logsdon cases fail to discuss the earlier Cawthon case and the authorities therein cited, which leads me to believe that perhaps the matter may not have been exhaustively studied.

My own line of reasoning may be put in a nutshell as follows: Under the earlier statute (12 U.S.C.A. § 592) fraudulent intent was a necessary ingredient of the offense, and one of the essential facts required to be alleged, under the first sentence of Rule 7(c), F.R.Cr.P. According to the revisor's notes following 18 U.S.C.A. § 656, and other authorities, the revision of the old section into its present form in 18 U.S.C.A. § 656, was not intended to, and did not, eliminate fraudulent intent as one of the essential facts and necessary allegations. Therefore fraudulent intent still remains an essential fact constituting the offense, and a necessary allegation. Since the first fourteen counts do not contain these essential facts, they are defective and fail to state an offense. Failure of the indictment to charge an offense can be noticed by the court at any time during the pendency of the proceedings under Rule 12(b) (2), F.R.Cr.P. Therefore the fact that the defendant did not raise the question by motion until the day before the trial is immaterial.

If the conflicting Cawthon and Logsdon decisions leave the question somewhat in doubt, I prefer to resolve the doubt in favor of the defendant.

If the government, as its attorney emphatically stated in open court, can and does intend to prove actual intent to defraud, it will be a simple matter to include this allegation in an amended indictment, instead of leaving the matter to a technical interpretation of the word "willful".

Accordingly counts I to XIV inclusive of the indictment will be dismissed for failure to charge an offense, by reason of their failure to allege intent to defraud or injure the bank, and it is so ordered.