UNITED STATES of America, Plaintiff,

v.

William Moss VANNATTA, Defendant.

Crim. No. 11524.

United States District Court
D. Hawaii.

Nov. 28, 1960

See also 189 F.Supp. 937.

TAVARES, District Judge.

This case involves a fourteen-count indictment, (a) thirteen counts of which allege willful misapplication of funds of an insured bank through honoring checks allegedly with knowledge that there were insufficient moneys in the account upon which they were drawn to pay the checks, with intent to injure or defraud the bank, all allegedly in violation of 18 U.S.C.A. § 656, and (b) the fourteenth count of which alleges making a false entry in violation of 18 U.S.C.A. § 1005.

The defendant filed a motion to dismiss counts I to XIII inclusive, no question being raised as to the form of count XIV. Defendant's motion contends that each of the first thirteen counts fails to set forth facts sufficient to constitute an offense under 18 U.S.C. § 656

"in that (a) none charges defendant with any crime at the common law and (b) none sets forth how defendant violated said section."

Count I, typical of the counts challenged, is quoted in the margin.[1]

The essential elements of the crime, as defined by U.S.C. Title 18 § 656 so far as applicable to this case, together with the additional element of intent to defraud or injure the bank which this court held in dismissing certain counts of a previous indictment against the same defendant (United

---

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, for plaintiff.

Robertson, Castle & Anthony, J. Garner Anthony, Honolulu, Hawaii, for defendant.

---

1. "That on or about July 30, 1959, * * William Moss Vannatta, an officer, agent and employee of an insured bank, namely, Manager, Aiea Branch, Bank of Hawaii, Aiea, Oahu, did wilfully misapply for the use and benefit of a person other than said insured bank, certain of the moneys, funds and credits of said insured bank, with intent to defraud and to injure said insured bank, in that he did honor and pay to the drawer's order, with moneys, funds and credits of said insured bank, a check in the amount of Nine Thousand Two Hundred Dollars ($9,200.00) payable to Dean Witter & Company, drawn by Stephen R. Benchwick on said Benchwick's account at said branch, he, the said Vannatta, knowing at the time thereof that there were insufficient funds in said Benchwick's account with which to pay said check, which said check he, the said Vannatta, did not then charge against said Benchwick's account, but instead wilfully charged to and placed in the Deferred Items Account maintained at said branch, which said check he, the said Vannatta, held in said Deferred Items Account from July 30, 1959 to August 11, 1959, during which period said moneys, funds and credits of said insured bank had been used by him, the said Vannatta, to so honor and so pay said check, without the receipt, during said period, of any equivalent moneys, funds or credits by said insured bank to replace its own moneys, funds and credits so paid out, all as well known and intended by him, the said Vannatta, in violation of Title 18, United States Code Section 656."

States v. Vannatta, D.C., 189 F.Supp. 937) must be alleged because of the wording of the earlier statute (12 U.S. C.A. § 592) from which § 656 was taken, are as follows: (1) The accused must be an officer, etc. of (2) a particular type of federally connected bank, and (3) he must have wilfully misapplied money, etc. of such bank or entrusted to its custody, etc., and (4) he must have done this with intent to injure or defraud the bank.

The indictment charges in effect as follows: (1) That this defendant an officer, etc. of an insured bank naming it did wilfully misapply for the use and benefit of a person other than the bank, moneys, etc. of said bank with intent to defraud and injure said bank. It then describes the manner in which the defendant is supposed to have committed this offense by stating that he honored and paid to the drawer's order with moneys, etc of the bank, a $9,200 check payable to Dean Witter & Company, drawn by Benchwick, on Benchwick's account in that bank, the defendant then knowing there were insufficient funds in Benchwick's account, that defendant did not then charge the check to Benchwick's account, but instead wilfully charged it to and placed it in the Deferred Items Account of that bank and held it there from July 31, 1959 to August 11, 1959 during which period those bank funds had been used by defendant to honor and pay the check, without the receipt during that period of moneys to replace the moneys paid out by the bank.

The present indictment is a clear allegation of the essential facts. I do not believe placing such overdrawing checks in a Deferred Items Account without immediately charging them directly to the account upon which they are drawn is a normal method of handling overdrafts in a particular branch bank. Hence I do not believe, as contended by defendant, that the indictment describes only the running of an overdraft. If there was an approved custom in this branch bank of holding any type of overdrawing checks in a Deferred Items Account, and this is contended to constitute a defense, it seems to me that it is the kind of unusual exception that does not have to be negatived by the indictment. 18 U.S. C.A. Fed.Rules of Cr.Proc., Rule 7, Note 20, p. 156.

I do not believe that any of the decisions cited in the memoranda submitted by defendant absolutely covers the exact situation in this case. Johnson v. United States, 4 Cir., 1938, 95 F.2d 813 does not appear to be on all fours with this case. According to my understanding of the case, the court found the indictment defective in several respects in addition to the one particularly mentioned by defendant's counsel, defects which are not present in this indictment.

United States v. Cawthon, D.C.M.D. Ga.1954, 125 F.Supp. 419, also relied upon by defendant was one involving a total omission of even a general allegation of intent to defraud or injure the bank. That defect does not exist here. The court stated in the Cawthon case, at page 423,

"an overdraft on a national bank may be legal or criminal according to the intent of the person committing it * * *."

"Where the intent is a material ingredient of the crime, it is necessary to be averred, and it may always be averred in general terms. Evans v. United States, 153 U.S. 584, 594, 14 S.Ct. 934, 38 L.Ed. 830 * * *". United States v. Renken, D.C.W.D. S.C.1944, 55 F.Supp. 1, 3, affirmed on other grounds Old Monastery Co. v. United States, 4 Cir., 1945, 147 F.2d 905, certiorari denied 326 U.S. 734, 66 S.Ct. 44, 90 L.Ed. 437.

See, also, 18 U.S.C.A. Fed.Rules of Cr. Proc., Rule 7, Note 22, p. 158.

Rule 7(c) requires that the indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The indictment, in my opinion, as to all thirteen counts challenged, adequately complies with this requirement and fairly informs the defendant of the crime intended to

be alleged so as to enable him to prepare his defense and so as to make judgment a complete defense to a second prosecution for the same offense. 18 U.S.C.A. Fed.Rules of Cr.Proc., Rule 7, Note 12, p. 147.