UNITED STATES of America, Appellant,

v.

Carl H. WIGGENHORN, Appellee.

No. 17915.

United States Court of Appeals
Ninth Circuit.

Jan. 10, 1963.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, Richard A. Murphy, Asst. U. S. Atty., Asst. Chief, Criminal Section, Los Angeles, Cal., for appellant.

Bernard B. Laven, Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

This case arises upon an appeal taken by the United States of America from an order of the district court granting the motion of Carl H. Wiggenhorn, appellee, to dismiss Counts One, Two, Three and Four contained in an indictment in which appellee was charged with willful misapplication of bank funds, in violation of 18 U.S.C. § 656, and from a later order of the district court denying appellant's motion to vacate the earlier order dismissing said Counts One, Two, Three and Four.

Title 18 U.S.C. § 656, in relevant part, provides:

"Whoever, being an officer, director, agent or employee of, * * * any Federal Reserve bank, member bank, national bank or insured bank, * * * embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank * * * shall be fined * * * or imprisoned * * *, or both.

"As used in this section, the term 'national bank' is synonymous with 'national banking association'; 'member bank' means and includes any national bank, state bank, or bank and trust company which has become a member of one of the Federal Reserve banks; and 'insured bank' includes any bank, banking association, trust company, savings bank, or other banking institution, the deposits of which are insured by the Federal Deposit Insurance Corporation."

Omitting title of court and cause, the indictment, in Count One, charged as follows:

"COUNT ONE"
"[18 U.S.C. 656]"

"On or about April 3, 1961, in Los Angeles County, in the Central Division of the Southern District of California, the defendant, CARL H. WIGGENHORN, being the Vice President and Manager of the Valley National Bank, Toluca Lake Branch, North Hollywood, California, with intent to injure and defraud said bank, wilfully misapplied $7500.00, being money, funds and credits belonging to said bank, and intrusted to its custody and care, in that on March 30, 1961, the defendant made and deposited to his account at the Union Bank and Trust Company, Valley Regional Head Office, North Hollywood, California, a check in the amount of $7500.00, drawn upon his account at the said Valley National Bank, well knowing at the time that he did not have $7500.00 on deposit at said Valley National Bank, and thereafter, on April 3, 1961, said Valley National Bank paid said check by transmitting money, funds and credits in the amount of $7500.00 to said Union Bank and Trust Company, and at said time the defendant, CARL H. WIGGENHORN, well knowing that he did not then have $7500.00 on deposit at said Valley National Bank caused said Valley National Bank to transmit money, funds and credits to said Union Bank and Trust Company as hereinabove described by making and depositing at said Valley National Bank a check in the amount of $7500.00, drawn upon his account at said Union Bank,

well knowing at the time that he did not have $7500.00 on deposit at said Union Bank; and at all times heretofore mentioned, said Valley National Bank was a National Bank, a member bank, and an insured bank as defined in Title 18, U.S.C. Section 656."

Counts Two, Three and Four of the indictment are in similar language except as to dates, names of banks upon which checks were drawn, the accounts upon which drawn, and the amounts of the checks. The following table is a summarization of the variations appearing in Counts Two, Three and Four:

## COUNT TWO

| Date | Deposit Bank | Amount | Account | Bank Drawn On |
|---|---|---|---|---|
| 4-3-61 | Union Bank and Trust Company | $ 7,500 | Malinche Lamp Studios, Inc. | Valley National Bank |
| 4-3-61 | Valley National Bank | $ 7,500 | Carl H. Wiggenhorn | Union Bank and Trust Company |

## COUNT THREE

| Date | Deposit Bank | Amount | Account | Bank Drawn On |
|---|---|---|---|---|
| 4-6-61 | Union Bank and Trust Company | $ 7,500 | Carl H. Wiggenhorn | Valley National Bank |
| 4-6-61 | Valley National Bank | $15,000 (Instructions: $7,500 to Account of Carl H. Wiggenhorn; | Carl H. Wiggenhorn | Farmers and Merchants National Bank, Ashland, Nebraska |
| | | $7,500 to account of Malinche Lamp Studios, Inc.) | Malinche Lamp Studios, Inc. | |

## COUNT FOUR

| Date | Deposit Bank | Amount | Account | Bank Drawn On |
|---|---|---|---|---|
| 4-6-61 | Union Bank and Trust Company | $ 7,500 | Malinche Lamp Studios, Inc. | Valley National Bank |
| 4-6-61 | Valley National Bank | $15,000 (Instructions: $7,500 to account of Carl H. Wiggenhorn; | Carl H. Wiggenhorn | Farmers and Merchants National Bank, Ashland, Nebraska |
| | | $7,500 to account of Malinche Lamp Studios, Inc.) | Malinche Lamp Studios, Inc. | |

## 292

■ The law appears to be well settled that an indictment charging that a defendant willfully misapplied the moneys, funds or credits of a bank which is in the category of banks designated in 18 U.S.C. § 656 in violation of such Section is fatally defective unless it contains allegations to show how the application of the moneys, funds or credits of the bank was made and that such application was an unlawful one. United States v. Britton, 107 U.S. 655, 2 S.Ct. 512, 27 L. Ed. 520 (1883); Evans v. United States, 153 U.S. 584, 14 S.Ct. 934, 38 L.Ed. 830 (1893); United States v. Matsinger, 191 F.2d 1014 (3rd Cir. 1951). In Britton, supra, 107 U.S. at p. 666, 2 S.Ct. at p. 522, the phrase "willful misapplication" in the statute was defined to be "a misapplication for the use, benefit, or gain of the party charged, or of some company or person other than the [banking] association. Therefore, to constitute the offence of wilful misapplication, there must be a conversion to his own use or the use of some one else of the moneys and funds of the association by the party charged. This essential element of the offence is not averred in the counts under consideration * * *."

There are decisions which hold that intent of the defendant to injure or defraud the bank is an essential element of the offense of willful misapplication of the moneys, funds or credits of the bank in violation of § 656 and that such intent must be pleaded and proved. Benchwick v. United States, 297 F.2d 330 (9th Cir. 1961); United States v. Vannatta, 189 F. Supp. 937 (D. Hawaii, 1960); United States v. Cawthon, 125 F.Supp. 419 (M. D. Georgia, Macon Div., 1954). Also see, Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1951).

■ Each of the four counts under review before us charges the willful misapplication to have been made "with intent to injure and defraud said bank." However, no case has been called to our attention which holds that the allegation of intent to injure or defraud the bank permits the omission from the indictment of averments that the misapplication was an unlawful one.

Stripped of verbiage, each count simply alleges that the defendant kited checks between national banks. The indictment contains no allegation that the defendant as an officer of the bank caused the checks to be honored or that but for his position as such officer, the checks would have been dishonored.

■ The mere drawing and cashing of an overdraft, without more, is not a criminal offense. United States v. Heinze, 161 F. 425 (C.C., S.D.N.Y., 1908); Dow v. United States, 82 F. 904 (C.C. 8th Cir., 1897); United States v. Cawthon, supra.

There is no allegation in the indictment that the moneys, funds or credits of the bank were to any extent depleted or diminished or that the bank suffered even a momentary loss. Neither is there any allegation that any of the moneys, funds or credits of the bank were converted to the use, benefit or gain of the defendant or some other company or person other than the bank of which the defendant was an officer.

We do not condone the practice of a bank officer in kiting checks, but if such practice, without more, is to be made a federal offense, Congress, and not the courts, has the power to do so.

We hold that each of the four counts of the indictment is fatally defective for failure of the indictment to contain averments showing that the misapplication was a violation of § 656.

The orders appealed from are affirmed.