**Eva RAMIREZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18256.**

United States Court of Appeals
Ninth Circuit.

May 21, 1963.

Johnson, Darrow, D'Antonio, Hayes & Morales, J. Mercer Johnson and Lawrence D'Antonio, Tucson, Ariz., for appellant.

C. A. Muecke, U. S. Atty. for District of Arizona, Jo Ann D. Diamos, and John E. Lindberg, Asst. U. S. Attys., Tucson, Ariz., for appellee.

Before POPE and HAMLIN, Circuit Judges, and JAMES M. CARTER, District Judge.

HAMLIN, Circuit Judge.

Appellant, Eva Ramirez, was tried and convicted by a jury in the United States District Court for the District of Arizona under counts IV and V [1] of an indictment charging misapplication of national bank funds in violation of 18 U.S.C. § 656.[2] We have jurisdiction of her appeal under the provisions of 28 U.S.C. § 1291.

The sole issue on appeal is whether counts IV [3] and V [4] of the indictment con-

1. Appellant was sentenced to a fine of $2500 on count IV and imposition of sentence was suspended on count V for a period of five years.

2. 18 U.S.C. § 656 provides in pertinent part:

   "Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, national bank or insured bank, or a receiver of a national bank, * * *, embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of such bank, or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $5,-000 or imprisoned not more than five years, or both; but if the amount embezzled, abstracted, purloined or misapplied does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

3. In count IV, the Grand Jury charged that—

   "On or about the 5th day of December, 1960, at Douglas, within the State and District of Arizona, the Defendant,

4. See note 4 on page 157.

tain sufficient allegations to charge offenses under 18 U.S.C. § 656.

■ In substance, counts IV and V of the indictment charge that appellant willfully misapplied bank funds in that she distributed proceeds of loans intended for G. Pesqueira and Hector L. Salazar to other than the intended recipients. Appellant contends that these counts are fatally defective because they fail to allege (1) an intent to injure or defraud the bank;[5] (2) that the misapplication was an "unlawful one"; and (3) that moneys, funds or credits of the bank, as distinguished from the borrowers' funds, were misapplied.[6]

■ The sufficiency of an indictment is tested by whether, first of all, it contains the elements of the offense charged and "sufficiently apprises the defendant of what he must be prepared to meet," and, secondly, whether it protects the defendant from again being put in jeopardy for the same offense.[7] We think it clear that the second criterion was met in this case, the times and amounts of the alleged misapplications being set forth in counts IV and V. The issue is whether the indictment contains the elements of the offense charged[8] and sufficiently apprised appellant of what she had to be prepared to meet.

■ Under section 7(c) of the Federal Rules of Criminal Procedure the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." "Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form or by fair construction can be found within the terms of the indictment."[9] The first question to be considered is whether the failure to use the specific words "intent to injure or defraud" in the indictment rendered the indictment fatally defective.

■ Section 656, Title 18 U.S.C., is a 1948 revision of former section 592, Title 12 U.S.C. Although the words "intent to injure or defraud" were contained in

Thomas A. Sundheimer, and the Defendant, Eva Ramirez, did wilfully misapply moneys, funds or credits of the said Bank, to-wit: Twenty-four Thousand ($24,000) Dollars, in that Defendant, Thomas A. Sundheimer, approved a loan of Twenty-four Thousand ($24,000) Dollars to G. Pesqueira by said Bank evidenced by a note dated December 5, 1960, for said sum, due June 3, 1961, when in truth and in fact G. Pesqueira did not receive the proceeds of the loan, and in that Defendant, Eva Ramirez, distributed the proceeds of the loan to other than G. Pesqueira, all in violation of 18 U.S.C., 656."

4. In count V, the Grand Jury charged that—
"On or about the 30th day of December, 1960, at Douglas within the State and District of Arizona, the Defendant, Thomas A. Sundheimer, and Defendant, Eva Ramirez, did wilfully misapply moneys, funds or credits of the said Bank, to-wit: the sum of Twenty-four Thousand Seven Hundred ($24,700) Dollars, in that Defendant, Thomas A. Sundheimer, approved a loan to Hector L. Salazar by said Bank in said sum of Twenty-four Thousand Seven Hundred ($24,700) Dollars evidenced by a note

dated December 30, 1960, due June 28, 1961, when in truth and in fact the said Hector L. Salazar did not receive the proceeds of said loan and in that Defendant, Eva Ramirez, distributed the proceeds of said loan to other than the said Hector L. Salazar, all in violation of 18 U.S.C., 656."

5. Appellant filed Motions to Dismiss, a Motion in Arrest of Judgment, Motions for Judgment of Acquittal, and a Motion for a New Trial, all of said motions being based upon this ground.

6. In addition, appellant claims that she was prejudiced by virtue of the fact that the district court did not strike all language relating to Thomas A. Sundheimer in counts IV and V when those counts were dismissed as to him. We feel that her contentions in this regard are without merit.

7. Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

8. See Carlson v. United States, 296 F.2d 909 (9th Cir., 1961).

9. Hagner v. United States, 285 U.S. 427, 433, 52 S.Ct. 417, 419–420, 76 L.Ed. 861 (1932); Stapleton v. United States, 260 F.2d 415, 418 (9th Cir., 1958).

section 592, they were omitted from section 656, the reviser's notes stating:

"The revised section without changing in any way the meaning or substance of existing law, clarifies, condenses, and combines related provisions largely rewritten in the matters of style."

Despite the omission of these words from the text of section 656, it is clear that "an intent to injure or defraud" remains an essential element of any crime under that statute and accordingly must be proved;[10] the jury was in fact so instructed in this case. We are here concerned with determining whether facts showing such an intent "appear in any form, or by fair construction can be found within the terms"[11] of the indictment.

■ The Court of Appeals for the Sixth Circuit in Logsdon v. United States,[12] in resolving this very issue, held that the words "did wilfully misapply" constituted a sufficient charge of a criminal intent to defraud, accepting the district court's rationale in that case[13] that Congress in omitting "intent to injure or defraud" in the 1948 Revision undoubtedly considered those words to be redundant.[14] We similarly feel that "did wilfully misapply," considered in conjunction with the factual allegations contained in the indictment in this case, sufficiently imports an intent to injure or defraud the bank and accordingly we conclude that the indictment was not fatally defective in this respect.

■ Appellant, relying on our decision in United States v. Wiggenhorn,[15] contends that the indictment was insufficient in that it fails to allege that the misapplication was an "unlawful one." In Wiggenhorn, it was held that the drawing of an overdraft was not, without more, an offense under 18 U.S.C. § 656. In the instant case, however, it is charged that appellant willfully misapplied bank funds by distributing proceeds intended for certain borrowers to other individuals. We feel that these allegations sufficiently aver a conversion of money for the purpose of section 656.[16]

■ Appellant lastly contends that the indictment failed to allege that it was money of the bank that was misapplied, as distingushed from the borrowers' funds. There is no merit to this argument. Obviously the injury to the bank on the allegations in the indictment lies in the fact that it has no recourse against a borrower as to funds never received by him due to the willful misapplication of those funds by the bank's own officer.

We conclude that the allegations in the indictment in this case were sufficient to state an offense under section 656. Further, we are convinced that appellant was

10. See Benchwick v. United States, 297 F.2d 330 (9th Cir., 1961).

11. Hagner v. United States, supra, note 9.

12. 253 F.2d 12, 14 (6th Cir. 1958).

13. United States v. Logsdon, 132 F.Supp. 3, 4 (D.C.Ken.1955). See also United States v. Matot, 146 F.2d 197, 198 (2nd Cir., 1944) in which Judge Learned Hand in *obiter dicta* stated that "wilful misapplication of money presupposes a fraudulent intent."

14. But see United States v. Cawthon, 125 F.Supp. 419 (D.C.M.D.Ga.1954); United States v. Vannatta, 189 F.Supp. 937 (D.C.Hawaii 1960). In the latter case, the District Court of Hawaii refused to follow the Logsdon decisions, notes 12 and 13 supra, and ordered dismissed several counts of an indictment for failure to charge an offense, by reason of their failure to expressly allege intent to injure or defraud the bank. Appellant's contention in this regard that we adopted Vannatta in our recent decision in United States v. Wiggenhorn, 312 F.2d 289 (9 Cir., 1963) is without merit. In Wiggenhorn, an "intent to injure or defraud" had been specifically alleged in the indictment and we merely stated that there were cases holding such an allegation to be necessary. The holding in Wiggenhorn involved the point next to be discussed.

15. 312 F.2d 289 (9th Cir., 1963).

16. The Supreme Court in United States v. Britton, 107 U.S. 655, 666, 2 S.Ct. 512, 521–522, 27 L.Ed. 520 (1883), stated that "to constitute the offence of willful misapplication, there must be a conversion to his own use or the use of some one else of the moneys and funds of the association by the party charged."

fairly and sufficiently apprised of what she would be required to meet and consequently was not prejudiced by the form of the indictment.

Judgment affirmed.