**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Virginia J. ARCHAMBAULT, Defendant-
Appellant.**

**No. 450–70.**

United States Court of Appeals,
Tenth Circuit.

April 20, 1971.

Rehearing Denied May 11, 1971.

Robert W. Caddes, Denver, Colo., for
defendant-appellant.

Milton C. Branch, Asst. U. S. Atty.,
Denver, Colo., James L. Treece, U. S.
Atty., Denver, Colo., on the brief, for
plaintiff-appellee.

Before CLARK,* Associate Justice, and HILL and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

Appellant Archambault was a bank teller at a national bank in Denver, Colorado. On a two-count indictment she was charged with embezzling, abstracting, purloining or misapplying the bank's money, funds or credits with intent to injure or defraud the bank in violation of 18 U.S.C. § 656. At the conclusion of all evidence, the words "abstract, purloin, or misapply" were stricken from the indictment leaving only the statutory word "embezzle" in the charges against appellant. The jury found appellant guilty on both counts.

Prior to the trial, appellant filed a motion to quash the indictment on the grounds that it did not state facts sufficient to constitute an offense against the United States. Appellant's motion was denied, and thereafter appellant went to trial without seeking a bill of particulars. Now, on direct appeal, appellant contends that the indictment was fatally defective because it was insufficient to apprise her of the nature of the accusation with reasonable certainty.

■■■ "The traditional criteria by which the legal sufficiency of an indictment is determined is whether it contains the elements of the offense charged and apprises the accused of the nature of the charge, so as to enable [her] to prepare a defense and to plead the judgment in bar." Mims v. United States, 332 F.2d 944, 946 (10th Cir. 1964). Appellant does not appear to suggest that the indictment, insofar as it charged embezzlement, was too general to apprise her of what she must defend against. It is settled that an indictment following the wording of § 656 which charges embezzlement of bank funds is sufficient to charge a violation of the

federal criminal statute.[1] Nor is there a contention that the jury was left to speculate about the meaning of vague charges, for the phrase "abstract, purloin or misapply" was stricken from both counts before the case was submitted to the jury for their verdict. In the main appellant's contention is that the words "abstract, purloin, or misapply" are generic terms which did not sufficiently particularize the species of the charged offense, making it impossible for appellant to prepare a defense.

■■■ While generic terms cannot properly be used without more to allege an offense, we cannot for that reason find fault with the indictment brought against appellant. The terminology used in the indictment followed the wording of the statute. The word "abstract" has long been a term of certain, simple and unambiguous meaning. When the word is coupled in an indictment with an allegation of intent to injure or defraud a bank, as in the instant case, there can be no misunderstanding of the true meaning of the allegation and the offense is well charged.[2]

■■■ Turning to the portion of the indictment which charged purloining, we have found no cases deciding whether such a charge sufficiently apprises an accused of the alleged offense which he must defend against. Apparently either purloining never has been charged in an indictment before, or no one before appellant has seriously felt that such terminology in an indictment was inadequate to inform of the charge to be met. In any event, we are not convinced that "purloin" is a generic term requiring particularization. In the only federal cases found which discuss the crime of purloining, albeit with reference to other criminal statutes, it is demonstrated that "to purloin" encompasses a narrow criminal offense. The cases elaborate that purloin is a species of larceny and

---

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

1. United States v. Bearden, 423 F.2d 805 (5th Cir. 1970).

2. United States v. Northway, 120 U.S. 327, 7 S.Ct. 580, 30 L.Ed. 664 (1887); Williams v. United States, 275 F. 129 (9th Cir. 1921).

was developed in modern pleading to fill the gap between the sometimes doubtful common law definition of larceny and the modern criminal code definition of larceny.[3] Suffice it to say with respect to the charge of purloining, we believe that appellant was clearly informed of that with which she was accused and was enabled to prepare a defense and to plead the judgment in bar of any further prosecutions for the same offense.

■ The adequacy of the term "misapply" to advise appellant of her alleged offenses poses a more difficult question. We find that, "[T]he statutory concept of misapplication is not a vague word of such uncertain application as to require a dismissal of the indictment."[4] We have not overlooked the fact that the indictment against appellant did not contain an allegation that she converted the bank's money, funds or credits to her own use. Moreover, we are aware of the reasoning of United States v. Quinn, 365 F.2d 256 (7th Cir. 1966), that when the charge of willful misapplication is made there must be an accompanying allegation that the bank's money, funds or credits were converted to the use of the accused or to some party other than the bank.[5] However, in view of the fact that the total charge in the indictment against appellant Archambault was embezzlement, abstraction, purloining or misapplication, it is unmistakably inherent in the indictment that appellant stood accused of converting the alleged sums to her own use. "Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment."[6]

In concluding that the indictment was legally sufficient to apprise appellant of the charges, we only add that, "In a prosecution under 18 U.S.C. § 656, where the offense is set out in the language of the statute, the omission of the means by which the offense was committed does not render the indictment insufficient."[7]

On appeal it is also urged to this court that the trial court erred in denying appellant's motion for a mistrial. The basis of the motion was centered on the fact that many of the prosecution's witnesses testified that they made deposits at appellant's window consisting of cash and checks. Further proof showed that the deposits turned up missing and were not reflected on the bank's records. It also developed at trial that the checks included in the deposits were never negotiated nor did they ever turn up. Appellant argued on her motion and now argues in this court that since the missing checks were never negotiated they never became funds, moneys or credits of the bank and hence were not proof of an offense under § 656. Appellant concludes that the testimony was therefore inadmissible evidence, highly prejudicial, and grounds for mistrial.

■■ We do not come to the same conclusion concerning the testimony. The offense charged, of course, was proved by the part of the testimony concerning the cash deposits which were missing. The part of the testimony regarding the missing checks merely reflected the complete deposit transaction which took place at appellant's teller window. At most, this part of the testimony was irrelevant and even if it was irrelevant, that, of course, does not mean a fortiori that it was prejudicial error.

3. United States v. Handler, 142 F.2d 351 (2nd Cir. 1944); Crabb v. Zerbst, 99 F.2d 562 (5th Cir. 1938).

4. United States v. Fortunato, 402 F.2d 79, 81, cert. denied 394 U.S. 933, 89 S.Ct. 1205, 22 L.Ed.2d 463 (2nd Cir. 1968).

5. See United States v. Wiggenhorn, 312 F.2d 289 (9th Cir. 1963); but see Ramirez v. United States, 318 F.2d 155 (9th Cir. 1963); United States v. Vannatta, 189 F.Supp. 939 (Hawaii 1960).

6. Hagner v. United States, 285 U.S. 427, 433, 52 S.Ct. 417, 420, 76 L.Ed. 861 (1932).

7. United States v. Fortunato, supra, 402 F.2d at 82; see United States v. Bearden, supra, 423 F.2d at 810–811.

To be prejudicial and hence reversible error, the testimony must have had substantial influence on the judgment.[8] We believe with fair assurance that the judgment was not swayed by the admission of the testimony concerning the missing checks.

Affirmed.

Lumbard, Chief Judge, concurred and filed opinion.

Anderson, Circuit Judge, dissented and filed opinion.

---

8. Havelock v. United States, 427 F.2d 987 (10th Cir. 1970).