**UNITED STATES of America, Appellee,**

v.

**Paul Maurice TIBBETTS, Appellant.**

**No. 76–2438.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 3, 1977.
Decided Nov. 21, 1977.

Brent E. Beveridge, Fairmont, W. Va., for appellant.

Stephen G. Jory, U. S. Atty., Elkins, W. Va. (William A. Kolibash, Asst. U. S. Atty., Wheeling, W. Va., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and HALL, Circuit Judges.

PER CURIAM:

Convicted of making a false bomb threat on May 3, 1976 to the Federal No. 2 Mine, Eastern Associated Coal Corporation, Fairview, West Virginia, in violation of 18 U.S.C. § 844(e), Paul Maurice Tibbetts appeals. His major assignment of error is the trial court's admission into evidence of a tape recording of a prior telephone bomb threat in his voice made almost six months earlier—December 10, 1975—to the No. 2 Mine. We affirm.

Three supervisors at the Mine, familiar with defendant's voice, recognized it in the December 10, 1975 call. While never charged with this offense, he was put under surveillance on April 26, 1976. For this purpose private investigators were employed by Eastern Associated Coal Corporation and they co-ordinated their efforts with the State Police, the C. & P. Telephone Company and the FBI.

The night of May 3, 1976 at about 10:30 p.m. two of the investigators observed de-fendant in a pay telephone booth making a call. The bomb threat of that date, now indicted, was monitored at the very same time as this call by a Telephone Company employee.

In defendant's trial, evidence was received of the prior tape of December 10, 1975. He complains that the testimony of that wrongdoing, although unprosecuted, prejudiced him at trial as well as denied him due process of law. The contention is without merit.

■ This proof came in to account for the surveillance and as explanation of how the Government discovered suspects of this type of crime. The procedure, we hold, did not infringe the defendant's right of fair trial or Constitutional privilege. Of course, establishment of past criminal conduct by a defendant is not allowed when its only object or effect is to show an accused's propensity toward crime. Federal Rules of Evidence 404(b). However, such evidence is admissible for other purposes. *United States v. DiZenzo,* 500 F.2d 263 (4 Cir. 1974). Upon the particular facts of this case identification of Tibbetts as the caller in the December 1975 bomb threat was proper as falling within the scope of Rule 404(b).

Even assuming that the District Court erred in this ruling, it was harmless error. We assess it on the standard laid down in *Kotteakos v. United States,* 328 U.S. 750, 764, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946), "If . . . error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand . . .." No evidence was put on by the defendant, and the Government's case, even without the testimony now challenged, was so overwhelming that no imposition upon the defendant could have resulted from its reception. *United States v. Archambault,* 441 F.2d 281 (10 Cir. 1971), *cert. denied,* 404 U.S. 843, 92 S.Ct. 140, 30 L.Ed.2d 78 (1971). Furthermore, "[t]he trial judge must have wide discretion to determine whether the probative value of evidence is outweighed by its prejudicial character." *United States*

*v. Montalvo,* 271 F.2d 922, 927 (2 Cir. 1959), *cert. denied,* 361 U.S. 961, 80 S.Ct. 589, 4 L.Ed.2d 543 (1960). ". . . [H]is exercise of discretion will not be disturbed on appeal save for grave abuse." *United States v. Wright,* 160 U.S.App.D.C. 57, 62, 489 F.2d 1181, 1186 (D.C.Cir.1973) (conviction reversed).

Consideration has been given to appellant's other assignments of error, but we see them as unsubstantiated. The judgment of the District Court must be upheld.

Affirmed.