**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Nancy Lynn HOLMES,**
**Defendant-Appellant.**

**No. 78–1690.**

United States Court of Appeals,
Tenth Circuit.

Submitted Oct. 15, 1979.

Decided Nov. 23, 1979.

Ronald L. Rencher, U. S. Atty., Christine L. Fitzgerald, Asst. U. S. Atty., Salt Lake City, Utah, submitted on brief, for plaintiff-appellee.

John R. Bucher, Salt Lake City, Utah, submitted on brief, for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A one count information charged that defendant-appellant Nancy Lynn Holmes, an employee of a national bank, the deposits in which were insured by the Federal Deposit Insurance Corporation, violated 18 U.S.C. § 656 which pertains to theft, embezzlement or misapplication by a bank officer or employee. The information was against both Holmes and Robert Scott Iverson, an alleged aider and abettor. On application of Holmes a severance was granted. She was tried separately and the jury found her guilty. In this appeal she attacks the sufficiency of the evidence, errors in the admission of evidence, and the instructions. We affirm.

In January, 1978, defendant was employed as a proof operator at the Zions First National Bank of Utah. The proof department, by use of computerized equipment, balances customer checking and savings accounts. On January 16, a failure to balance directed attention to a "cash-in" debit of $3,970.40. The slip had been receipted by hand rather than by the teller machine. Proof operators had access to blank debit slips which could be inserted into the computer. A savings account had been opened in the name of "Mark Weaver" and credited with $3,970.40. The signature card listed the depositor's mother's maiden name as "Biggs," the maiden name of Iverson's mother. The money was withdrawn on January 17 in the form of $2,600 in cash and a cashier's check for $1,300, which was cashed at the end of January by a Nevada casino. Attempts to contact "Mark Weaver" failed and it was found that the address given was non-existent.

Joannie Barker, a co-worker of Holmes, testified that Holmes said that she had gotten away with $4,000 from the bank by processing unfilmed "teleround," and that she and Iverson had opened a phony savings account. Holmes threatened Barker against disclosure. Holmes waited in a nearby restaurant while Iverson withdrew the money from the account. Some of the proceeds were used in the purchase of household equipment. Holmes and Iverson rented an apartment from Polly Harman and made a deposit. An FBI agent arranged to interview Holmes and she did not keep the appointment. The agent then went to the apartment rented from Har-

man and found that it had been vacated. A fingerprint of Iverson was found on the withdrawal slip.

 Defendant argues that no violation of § 656 was established because the government did not prove that she had been in lawful possession of any bank funds, and, hence, no embezzlement occurred. Section 656 applies to a bank employee who "embezzles, abstracts, purloins or willfully misapplies" moneys of the bank. Embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Moore v. United States*, 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422. Embezzlement is a technical term. *United States v. Wilson*, 5 Cir., 500 F.2d 715, 720, cert. denied 420 U.S. 977, 95 S.Ct. 1403, 43 L.Ed.2d 658. Misapplication covers acts not covered by embezzlement. *Williamson v. United States*, 5 Cir., 332 F.2d 123, 133, n. 15. The crime of willful misapplication does not require previous lawful possession. *United States v. Breese*, W.D.N.C., 131 F. 915, 921, reversed on other grounds, 4 Cir., 143 F. 250.

 *United States v. Sayklay*, 5 Cir., 542 F.2d 942, does not support defendant's position. In that case the only charge was embezzlement and the defendant had no possession of the funds. The information against defendant charged that she "did willfully and knowingly embezzle, abstract, purloin and misapply" the funds of the bank. The charge in the disjunctive was proper. *Crain v. United States*, 162 U.S. 625, 636, 16 S.Ct. 952, 40 L.Ed. 1097. The offense was set out in the language of the statute. See *Hernandez v. United States*, 10 Cir., 608 F.2d 1361, 1979, and *United States v. Archambault*, 10 Cir., 441 F.2d 281, 283, cert. denied 404 U.S. 843, 92 S.Ct. 140, 30 L.Ed.2d 78. The government was not required either to charge, or to prove, that the misapplied funds were ever in the possession of the defendant. The evidence suffices to establish a misapplication in violation of § 656.

 The government presented evidence that shortly after the withdrawal from the savings account defendant and Iverson made various expenditures. Defendant says that the evidence was improperly received because no showing of impecuniosity was made. We have held to the contrary. *United States v. Brewer*, 10 Cir., 427 F.2d 409, 412. Witness Barker testified to statements made to her by defendant relating to defendant's actions in connection with the withdrawal and subsequent expenditures. Testimony of the sellers with regard to the purchases had a rational connection with the issues presented. See *United States v. Marx*, 10 Cir., 485 F.2d 1179, 1183–1184, cert. denied 416 U.S. 986, 94 S.Ct. 2391, 40 L.Ed.2d 764. The evidence was properly received.

 Government witness Harman testified that in her conversation with defendant and Iverson, when she rented the apartment to them, Iverson said that "if I wanted them to pay an extra month's rent they had the money and they would be willing to pay another month's rent." Defendant, who was present at the conversation, claims that the receipt of this testimony violates her constitutional rights to confrontation and is contrary to *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. Bruton is limited to a situation where a co-defendant's confession is received in evidence. See *Dutton v. Evans*, 400 U.S. 74, 86, 91 S.Ct. 210, 27 L.Ed.2d 213, and *United States v. Coppola*, 10 Cir., 479 F.2d 1153, 1162. Although no conspiracy was charged in the instant case, the evidence showed that defendant and Iverson conspired to defraud the bank and to use the proceeds so obtained. Declarations of Iverson in the presence of the defendant were admissible. See *United States v. Jones*, 10 Cir., 540 F.2d 465, 470–471, cert. denied 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551, and *United States v. Lemon*, 10 Cir., 497 F.2d 854, 857.

 Defendant attacks the court's instructions on "willful misapplication." To the extent that she challenges the statute as unconstitutionally vague, we have held to the contrary. See *United States v.*

*Brookshire,* 10 Cir., 514 F.2d 786, 788, and *United States v. Cooper,* 10 Cir., 464 F.2d 648, 652–653, cert. denied 409 U.S. 1107, 93 S.Ct. 901, 34 L.Ed.2d 688. The court instructed on the specific intent required and the element of willfulness. The instructions taken as a whole properly stated the applicable law. See *United States v. Afflerbach,* 10 Cir., 547 F.2d 522, 524, cert. denied 429 U.S. 1098, 97 S.Ct. 1118, 51 L.Ed.2d 546, and *United States v. Hernandez,* 10 Cir., 608 F.2d 1361, 1979.

Affirmed.