**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frederick Edward HAZEEM, Defendant-Appellant.**

**No. 81–1472.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 1982.

Decided April 5, 1982.

Certiorari Denied Oct. 4, 1982. See 103 S.Ct. 106.

771

James S. Coon, Portland, Or., for defendant-appellant.

Charles H. Turner, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before SNEED, ANDERSON, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge.

Frederick Edward Hazeem appeals his conviction on four counts of aiding and abetting, in violation of 18 U.S.C. § 2, and one count of conspiracy, in violation of 18 U.S.C. § 371. The indictment alleged that Jill Marie Walker, a bank employee, purloined, embezzled, abstracted, and willfully misapplied bank funds, in violation of 18 U.S.C. § 656.[1] The indictment then

---

1. 18 U.S.C. § 656 provides in pertinent part:
[w]hoever, being an officer, director, agent or employee of ... Federal Reserve bank, member bank or national bank or insured bank ... embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank ... shall be fined not more than $5,000 or imprisoned not more than five years ....

charged that Hazeem aided, abetted and conspired with Walker to commit these crimes. Hazeem maintains that the evidence was insufficient to demonstrate that Walker committed any of the four acts charged. Hazeem also asserts that he was prejudiced by a variance between the amounts allegedly taken, as charged in the indictment and as proved at trial. Finally, Hazeem claims that the trial court erred in denying his motion for a new trial. We affirm.

## I

A brief summary of the evidence indicates the following facts. From August 1978 until November 1978, Hazeem and Walker resided together. During this time Walker was employed as a teller and general ledger bookkeeper with the First National Bank of Oregon. Her duties included cashing checks, filing documents, and balancing account statements. Walker had access to signature cards, which contained the account numbers, names and addresses of depositors. She also had access to a daily savings printout, which reflected the current savings account balances of various branch depositors.

In late September 1978, Hazeem requested Walker to furnish him information about accounts with substantial balances. He inquired about the internal operation of the bank as well as the mechanics of processing savings account withdrawals. Initially reluctant, Walker later agreed to supply the data, and, in fact, provided Hazeem with the signature cards and account balances for three customers.

Thereafter, Hazeem and Gary Gene Long acquired identification in the names of these three depositors. Prepared with the false identification and the signature of a depositor, Hazeem and Long would travel to branches of the bank, other than Walker's, and withdraw large sums of money from the accounts. On two occasions Walker destroyed the interbranch withdrawal receipts, which indicated Hazeem's transactions. In one instance, after an aborted withdrawal, Walker telephonically provided Hazeem with additional information to complete the transaction. Following the fraudulent withdrawals, Hazeem would split the proceeds with Long and Walker.

## II

Hazeem contends that the trial court erred in denying his motion for judgment of acquittal under Fed.R.Crim.P. 29(a). He argued below that the evidence was insufficient to prove that Walker committed any of the acts charged in violation of section 656. The trial court held that the evidence showed that Walker misapplied and purloined bank funds and denied the motion.

■ Rule 29(a) requires the trial court to grant a motion for judgment of acquittal "if the evidence is insufficient to sustain a conviction." The trial court must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt. *United States v. Figueroa-Paz*, 468 F.2d 1055, 1058 (9th Cir. 1972); *United States v. Nelson*, 419 F.2d 1237, 1242 (9th Cir. 1969). On appeal, we use the same test to review the trial court's decision. *United States v. Price*, 623 F.2d 587, 591 n.6 (9th Cir.), *cert. denied*, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980), *United States v. Kaplan*, 554 F.2d 958, 963 (9th Cir.), *cert. denied*, 434 U.S. 956, 98 S.Ct. 483, 54 L.Ed.2d 315 (1977).

■ Misapplication, unlike embezzlement, does not require previous lawful possession of the funds. *United States v. Holmes*, 611 F.2d 329, 331 (10th Cir. 1979). "[M]isapplication may be found where it is shown that a bank is deprived of its right to have custody of its funds, that is, its right to make its own decision as to how the funds are used." *United States v. Dreitzler*, 577 F.2d 539, 546 (9th Cir. 1978). The government must prove that the funds were disbursed under false pretense. *Id.* at 546; *Hargreaves v. United States*, 75 F.2d 68, 72 (9th Cir.), *cert. denied*, 295 U.S. 759, 55 S.Ct. 920, 79 L.Ed. 1701 (1935).

■ By supplying Hazeem with the necessary information to withdraw funds, Walker deprived the bank of its right to custody of its funds. Those funds rightfully belonged to the bank until the true owners of the accounts withdrew the monies. By providing the information which enabled Hazeem to withdraw the funds, and then destroying the withdrawal receipts to conceal the true condition of the accounts, Walker, in conjunction with Hazeem and Long, caused the funds to be disbursed under false pretense. From the evidence adduced, the jury could reasonably have concluded beyond a reasonable doubt that Walker misapplied bank funds.

Hazeem also contends that Walker did not purloin funds within the meaning of section 656 because *she* did not take funds directly from the bank. Hazeem is incorrect. Walker converted funds by asserting dominion and control over the bank's money inconsistent with its rights. *United States v. Tingle*, 658 F.2d 1332, 1337 (9th Cir. 1981). She exercised control when she provided Hazeem with account information that enabled him to withdraw the funds. Walker asserted further control by destroying records of the transactions. Moreover, she eventually received a portion of the money that had been unlawfully withdrawn. The evidence was more than sufficient to allow a jury to find beyond a reasonable doubt that Walker purloined funds.

As we have stated, proof of either misapplication or purloining would be sufficient to establish that Walker violated section 656. Therefore, Hazeem was properly convicted of aiding and abetting Walker in committing the charged offense. Accordingly, we find it unnecessary to consider the issue of abstraction of funds.

### III

■ Hazeem next argues that the evidence was insufficient to demonstrate that he conspired with Walker to commit the acts charged. "Conspiracy is established when there is an agreement to accomplish an illegal objective, coupled with one or more overt acts in furtherance of the illegal

purpose and the requisite intent necessary to commit the underlying substantive offense." *United States v. Friedman*, 593 F.2d 109, 115 (9th Cir. 1979).

The evidence demonstrates that Hazeem requested Walker to furnish him with data so that he could illegally withdraw funds. Walker agreed to do so and supplied him with the necessary information. Hazeem acquired false identification in order to facilitate the withdrawals. Prior to each withdrawal Hazeem informed Walker of his intention to withdraw the funds. After the withdrawals, Hazeem split the proceeds with Walker. Based on this evidence, the jury could have concluded beyond a reasonable doubt that an unlawful agreement existed and that Hazeem knowingly acted to further its illegal purpose.

### IV

■ Hazeem claims that he was prejudiced by a variance between the amounts allegedly purloined, misapplied, embezzled, or abstracted, as charged in the indictment (the full amount of the monies taken from the bank) and as proved at trial. This claim is based on the theory that the trial court determined in its order denying Hazeem's motion for judgment of acquittal that Walker's crime was limited to the misapplication or purloining of the portion of the proceeds she actually received (as opposed to the full amount shared by the three wrong-doers). The jury was not so instructed, and we do not read the court's order as so holding. Thus we do not find there was a variance, as claimed by Hazeem.

In any event, the variance, if it occurred, would, under the facts and circumstances of this case, constitute harmless error. Fed.R. Crim.P. 52(a); *United States v. Anton*, 547 F.2d 493, 496 (9th Cir. 1976). In *Anton* we stated that "[a] variance does not affect the substantial rights of the accused if (1) the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or unfairly prejudiced at trial, and (2) if the variance is not such that it will deprive the

defendant of his protection from reprosecution for the same offense." *Id.* The indictment alleged the full amounts of monies taken from the bank as part of the substantive offenses and charged Walker with receipt of quantities of money following each transaction as overt acts in furtherance of the conspiracy. Consequently, the indictment, notwithstanding the claimed variance, was sufficiently explicit to inform Hazeem of the charges against him and to protect him against double jeopardy.

## V

■ Hazeem moved for a new trial on July 1, 1981, more than seven days after the jury returned its verdict on June 1, 1981. The motion was based on the trial court's ruling, in the course of denying his motion for judgment of acquittal,[2] that Walker was not guilty of embezzlement because she never had lawful possession of the bank funds which were the subject of the indictment. The jury had been instructed on embezzlement as well as abstraction, purloining, and willful misapplication, and was further instructed that a verdict of guilty could be returned on a finding that Walker had committed any one of the four acts charged.[3] In his new trial motion Hazeem argued that it was possible that the jury had convicted him because it had improperly concluded that Walker embezzled the bank funds. However, since Hazeem's motion was not based on newly discovered evidence it was not timely under Fed.R. Crim.P. 33. The trial court was without jurisdiction to consider the motion, *United States v. Lara-Hernandez,* 588 F.2d 272, 275 (9th Cir. 1978), and the denial of the motion for a new trial was proper.

AFFIRMED.

---

**2.** The motion for judgment of acquittal was decided by written order on June 24, 1981, after the jury returned its verdict, as permitted by Fed.R.Crim.P. 29(c).

**3.** Hazeem did not object to the instructions given.