808 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Olga TAHQUETTE, Appellant.
 No. 86-5516.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 24, 1986.
Decided Dec. 29, 1986.
 
 Before RUSSELL, HALL and CHAPMAN, Circuit Judges.
 Elizabeth H. Dashiell, Morchower, Luxton & Whaley, on brief, for appellant.
 Charles R. Brewer, James R. Fitzner, Office of the United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Olga Tahquette appeals her conviction for perjury before a federal grand jury in violation of 18 U.S.C. Sec. 1623(a). Tahquette seeks a new trial on the grounds that the district court erred (1) in not granting her motion for a judgment of acquittal at the close of the government's evidence, and (2) in admitting evidence concerning Tahquette's presence at a Swain County, North Carolina polling place during the June 1984 primary election. We find no merit in either of Tahquette's assignments of error and affirm the conviction for the reasons stated below.
 
 
 2
 In 1985 a federal grand jury at Asheville, North Carolina was investigating allegations of election fraud in Swain County, North Carolina, including the hauling of voters to the Whittier precinct polling place and paying them to vote. Olga Tahquette testified before the grand jury and denied, under oath, ever being at the Whittier precinct poll on any election day, and denied ever hauling voters to the precinct poll. At her trial under a one count indictment charging her with making false declarations before a federal grand jury, several witnesses testified that they saw Tahquette at or near the Whittier polling place on the day of the general election in November 1984. Several witnesses also testified that they observed Tahquette at the poll during the November 1984 general election and that her vehicle contained unidentified individuals. One witness testified that during the June 1984 primary election he observed Tahquette drive up to the Whittier precinct polling place, drop a person off who went inside and, later, saw Tahquette drive off with the person.
 
 
 3
 The test for a motion for a judgment of acquittal is whether, at the time of the motion, viewing the evidence in the light most favorable to the government, a jury could find the defendant guilty beyond a reasonable doubt. United States v. Sawyer, 294 F.2d 24, 31 (4th Cir.), cert. denied, 368 U.S. 916 (1961). In reviewing the trial court's decision on such a motion the Court of Appeals uses the same test. United States v. Hazeem, 679 F.2d 770 (9th Cir.), cert. denied, 459 U.S. 848 (1982). Applying this test to the evidence that was before the court at the close of the government's case we find that the evidence was more than sufficient to submit the case to the jury and we find no error in the district court's denial of Tahquette's motion.
 
 
 4
 Tahquette's second assignment of error must also fail. She argues that evidence concerning her presence at the Whittier precinct polling place during the June 1984 primary election should not have been allowed because it was not shown that the June 1984 primary election involved candidates for a federal office. If the June 1984 election did not involve candidates for federal office, then, she contends, her declarations to the grand jury that she had never been to the polls during 1984 would not have been material to the grand jury's investigation, and the evidence would have been improper. The government contends that the evidence was relevant to disprove Tahquette's assertion before the grand jury that she had never been at the Whittier precinct poll on any election day. We need not resolve these conflicting contentions because Tahquette, by failing to assert a timely objection to this testimony when it was elicited at trial, has waived her objection to the testimony and has not properly preserved the issue for appellate review. See United States v. Parodi, 703 F.2d 768, 783 (4th Cir.1983). We note, however, that the testimony placing Tahquette at the Whittier precinct polling place during the November 1984 general election was overwhelming and alone would have supported her conviction. The testimony placing her at the polling place during the June 1984 primary election, elicited without objection, was minimal. Admission of the testimony, even if the issue had been properly preserved for review, would not have entitled Tahquette to a new trial.
 
 
 5
 Finding that the facts and legal arguments are adequately presented in the briefs and record, that the decisional process would not be aided significantly by oral argument, and that Tahquette's contentions are without merit, we dispense with oral argument pursuant to Fed.R.App.P. 34(a) and Local Rule 34(a) and affirm the judgment of the district court.
 
 
 6
 AFFIRMED.