891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro LOPEZ-ESTRADA, Defendant-Appellant.
 No. 88-5323.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1989.*
Decided Dec. 7, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Lopez-Estrada appeals his conviction, following a jury trial, for two counts of transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(B). Lopez-Estrada contends that the district court erred in refusing to consider the results of a post-trial polygraph examination in denying (1) his renewed motion for judgment of acquittal and (2) his motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Lopez-Estrada asks us to overturn the district court's denial of the renewed motion for judgment of acquittal. This renewed motion, pursuant to Fed.R.Crim.P. 29(c), was made at the sentencing hearing. The district court extended the time for making post-trial motions to the date of sentencing under Fed.R.Crim.P. 45. Lopez-Estrada based this motion on an allegedly exculpatory polygraph test taken after the jury returned the verdict of guilty.
 
 
 4
 In evaluating a motion for judgment of acquittal, the district court must determine " 'whether, viewing the evidence in the light most favorable to the Government, there was substantial relevant evidence produced from which the jury reasonably could have found the defendant guilty beyond a reasonable doubt.' " United States v. Sarault, 840 F.2d 1479, 1487 (9th Cir.1988). We apply the same test in reviewing the trial court's decision. United States v. Hazeem, 679 F.2d 770, 772 (9th Cir.), cert. denied, 461 U.S. 848 (1982). In applying this standard, we must consider all of the evidence admitted at trial, including that offered by the defense. United States v. Eden, 659 F.2d 1376, 1382 (9th Cir.1981); United States v. Lopez, 625 F.2d 889, 897 (9th Cir.1980).
 
 
 5
 In this case, Lopez-Estrada did not present evidence of the results of a polygraph examination at trial. In fact, it was conducted after the trial. As a result, it cannot be the basis for a motion for judgment of acquittal under Rule 29(c).
 
 II
 
 6
 We review the district court's denial of a defendant's motion for a new trial for abuse of discretion. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987). A new trial may be granted when there is newly discovered evidence that is material, not merely cumulative or impeaching, and indicates that a new trial would probably produce an acquittal. Id. The moving party must show due diligence in attempting to discover the evidence. Id.
 
 
 7
 Because polygraph evidence is cloaked with an illusory indicia of reliability that often proves confusing to the jury, we have imposed procedural and substantive limitations on the introduction of this type of evidence. Polygraph evidence is admitted at the trial judge's discretion and only after both parties have stipulated to its introduction. Brown v. Darcy, 783 F.2d 1389, 1391 (9th Cir.1986). Even if these procedural requisites are satisfied, polygraph evidence may not be "introduced into evidence to establish the truth of the statements made during the examination." United States v. Bowen, 857 F.2d 1337, 1341 (9th Cir.1988).
 
 
 8
 Lopez-Estrada's attempt to make his polygraph evidence available to a jury at a new trial fails on all requirements. The district court exercised its discretion against admission of the polygraph evidence. Furthermore, the government refused to stipulate to its admission in a new trial. Finally, Lopez-Estrada seeks to use the evidence for a prohibited purpose: the truth of his statements made during the examination. Because this polygraph evidence would be inadmissible at a new trial, Lopez-Estrada is unable to demonstrate that a new trial would produce an acquittal.
 
 
 9
 Lopez-Estrada has failed as well to establish due diligence in discovering the evidence because he has provided no reason why he was unable to undergo a polygraph examination before or during the trial. For these reasons, Lopez-Estrada has failed to establish the requisite conditions to merit a new trial. See United States v. Lopez, 803 F.2d at 977 (defendant's motion for a new trial was denied for failure to show due diligence and because the new evidence was immaterial).
 
 III
 
 10
 Although Lopez-Estrada did not raise the issue in his appeal, we note that a $100 special assessment was levied against him under 18 U.S.C. § 3013. We recently held this statute unconstitutional. United States v. Munoz-Flores, 863 F.2d 654, 657-61 (9th Cir.1988). Accordingly, we vacate the assessment. See United States v. Anguiano, 873 F.2d 1314, 1321 (9th Cir.1989) (issue raised sua sponte ).
 
 
 11
 In all other respects, we affirm the judgment of the district court.
 
 
 12
 AFFIRMED in part, VACATED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3