943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Catherine WILLIAMS, Defendant-Appellant.
 No. 90-10411.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 9, 1991.*
Decided Sept. 13, 1991.
 
 1
 Before CANBY and KOZINSKI, Circuit Judges and Nielsen,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Catherine Williams appeals her conviction for possession of marijuana with the intent to distribute. Williams argues that the trial court erred by admitting jewelry and jewelry receipts into evidence and by allowing the government improperly and prejudicially to cross-examine her about a note found in her home. Williams also argues that the trial court erred by not granting her motions for judgment of acquittal and for a new trial because the evidence was insufficient to support the jury verdict.
 
 
 4
 We affirm Williams' conviction.
 
 BACKGROUND
 
 5
 On January 12, 1990, a federal agent found tracks of seven individuals in an unpopulated area about nine miles north of the Mexican border. The footprints indicated that the soles of individuals' shoes were covered with some sort of material. The agent followed the tracks to where the individuals had evidently dragged packages under a barbed wire fence. The agent and several other officers then followed the tracks several more miles through the desert to within a few yards of Williams' residence.
 
 
 6
 When the agents approached Williams' residence, Williams was outside stirring a fire in a large trash can. In response to the agents' questions, Williams stated that she had not seen anyone recently or the night before and that no one could have gone by without her knowing because her dogs would have barked. Williams then gave her permission for the agents to look around the property.
 
 
 7
 One agent smelled marijuana near a storage shed. When asked what was in the shed, Williams said, "tools." The agent, however, found nine unconcealed bundles of marijuana weighing 234 pounds in the shed.
 
 
 8
 At this point, Williams admitted that there were five Mexican males in her trailer. During a security sweep of Williams' trailer, an agent spotted a bundle of marijuana through the open door of a cabinet in the laundry room.
 
 
 9
 The agents arrested seven Mexican males found inside Williams' trailer. One of the men had pieces of carpet embedded in the soles of his tennis shoes. Agents found carpet material with wires attached to it in the trash can that Williams was stirring when the agents arrived. The carpet material was on fire. At trial, Williams admitted that there was a fire burning in the trash barrel, but said that she had not started the fire, did not know what was in it, and was not doing anything with the fire.
 
 
 10
 After the agents obtained a search warrant, they discovered a second bundle of marijuana in the laundry room. The two bundles found in the laundry room weighed 44 pounds and were packaged in the same manner as the marijuana found in the shed. The agents also found a baggie of marijuana in the master bedroom, a baggie of marijuana in a drawer in the second bedroom, a large baggie containing about 283 grams of marijuana in the closet of the second bedroom, a scale with a 60 pound capacity in the laundry room, 66 items of Indian, gold and diamond jewelry,[1] receipts for jewelry,[2] $34,600 cash in a garment bag, pay stubs indicating that Williams earned approximately $600 take-home pay every two weeks,[3] and a note pad with the notation "5K = 123.20."[4]
 
 DISCUSSION
 I. Evidentiary Rulings
 
 11
 Williams argues that the district court erred in three of its evidentiary rulings. First, she contends that the jewelry should have been excluded because it was not relevant and because it was inadmissible evidence of prior bad acts. See Fed.R.Evid. 402, 403, 404(b). Second, Williams argues that the jewelry receipts are inadmissible hearsay and therefore should have been excluded. See Fed.R.Evid. 801 and 802. Finally, Williams maintains that the prosecutor's questions regarding the note pad with notations on it were improper because the questions raised an inference in the jurors minds as to a key issue which, after Williams denied knowledge of the note, the government was unable or unprepared to prove.
 
 
 12
 We need not determine whether the admission of any of this evidence was error; we reverse evidentiary rulings for an abuse of discretion only if the error would have been more likely than not to affect the verdict. See United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987). Even without the disputed evidence, there was an overwhelming amount of evidence offered at trial to support Williams' conviction. Bundles of marijuana were found in the shed adjacent to her trailer, and another was in plain view in her laundry room. Smaller quantities of marijuana were found in various places in her home and $34,600 in currency was found hidden in her closet. Moreover, at the time agents arrived on January 12, 1990, Williams was stirring a fire that was destroying evidence related to how the marijuana arrived at her home. Accordingly, the admission of the jewelry and jewelry receipts and the questioning regarding the notation on the note pad do not warrant a reversal of Williams' conviction.
 
 II. Motion for Judgment of Acquittal
 
 13
 Viewing all the evidence in the light most favorable to the government,[5] we are convinced that a rational trier of fact could easily have concluded that Williams was guilty, beyond a reasonable doubt, of possessing marijuana with the intent to distribute it. The District Court did not err by denying Williams' motions for judgment of acquittal and for a new trial.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William Fremming Nielsen, United States District Judge for Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Williams testified that the items of jewelry were gifts from her "husband" and her friends, or "treats" to herself
 
 
 [2]
 The receipts indicated that Williams purchased jewelry totalling $699 in 1990, $6,000 in 1989, and $1,000 in 1988
 
 
 [3]
 Williams had been paying the living expenses for herself and her common law husband out of that income
 
 
 [4]
 At trial, Williams stated that although the note pad was from her house, the notation was not in her handwriting and that she had never seen it before
 
 
 [5]
 Rule 29(a) of the Federal Rules of Criminal Procedure requires the trial court to grant a motion for judgment of acquittal "if the evidence is insufficient to sustain a conviction." The trial court must determine whether, viewing the evidence in the light most favorable to the prosecution, the jury could reasonably find the defendant guilty beyond a reasonable doubt. United States v. Hazeem, 679 F.2d 770, 772 (9th Cir.), cert. denied, 459 U.S. 848 (1982). On appeal, we apply the same test in reviewing the trial court's decision. Id