988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David ESTRADA, aka Frederico Martinez Macias, Defendant-Appellant.
 No. 91-50727.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1993.
Decided March 12, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-0417-DT-1; Dickran M. Tevrizian, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant David Estrada was charged with two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a)(d). A jury convicted Estrada on both counts. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.
 
 FACTS
 
 3
 On April 8, 1991, at approximately 1:30 p.m., Estrada approached teller Mary Ellen Harrison of the Security Pacific National Bank in Long Beach and presented her with a note and deposit envelope. The note read in part: "Don't say anything ... cash." Estrada pointed a gun at her and said: "Give me your cash. Hurry. Hurry it up. Give me all of it. I mean it." After Ms. Harrison gave Estrada all the cash in her drawer, he exited the bank.
 
 
 4
 On April 26, 1991, at approximately 12:05 p.m., Estrada approached teller Gloria Celaya of the Bank of America in Whittier and advised her that he wished to make a withdrawal. Ms. Celaya turned to retrieve a withdrawal slip. As she returned, she noticed that Estrada was pointing a small steel revolver at her. Estrada then showed her a note, which she did not read, and ordered her to "Give me your money. I want one hundred and fifty dollar bills." Ms. Celaya gave defendant all the cash in her drawer, including bait money and an Emergency Tracking System ("ETS") pack. As Estrada exited the bank, Ms. Celaya activated the bank's surveillance cameras and alarm.
 
 
 5
 A Los Angeles County Sheriff's Department helicopter, equipped to detect signals emitted by an ETS pack, tracked Estrada to the southbound 605 Freeway. Deputy Joe Lomonaco responded to the report from the helicopter. His patrol car too was equipped to detect signals emitted by an ETS pack. He, as well as Deputy George Berumen and other units, followed the signal and determined that the ETS pack was located in a black pickup travelling southbound on the 605 Freeway. Estrada was driving the pickup. Codefendant Josie Macias was travelling with Estrada.
 
 
 6
 Deputy Berumen was following directly behind the black pickup at speeds approaching 90 miles per hour and saw Macias look over her shoulder several times. The pickup then attempted to elude Deputy Berumen. Macias also began throwing pieces of paper and money out of the passenger window of the pickup. After the pickup was disabled and Estrada and Macias apprehended, the officers found on the floor of the pickup $859 in cash, two bills imprinted with the ETS pack number, and a cap and sunglasses that fit the teller's description of items worn by the bank robber.
 
 
 7
 Both Estrada and Macias were indicted for armed bank robbery. A jury subsequently convicted Estrada on two counts. Estrada now appeals.
 
 DISCUSSION
 
 8
 I. The Evidence Supports Estrada's Convictions On Both Counts of Armed Bank Robbery
 
 
 9
 At the close of the government's evidence, Estrada moved for a judgment of acquittal on both counts of armed bank robbery. The trial court denied the motion.
 
 
 10
 In considering a motion for judgment of acquittal, the trial court must determine "whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt." United States v. Hazeem, 679 F.2d 770, 772 (9th Cir.), cert. denied, 459 U.S. 848 (1982). We use the same test on appeal to review the trial court's decision. Id. Moreover, we "must respect the exclusive province of the jury to determine credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977).
 
 
 11
 To support Estrada's conviction on count one, the government first offered the eyewitness testimony of Mary Ellen Harrison, the Security Pacific National Bank teller who was robbed. Ms. Harrison testified that the robber was approximately two feet from her as he demanded the money and that she had approximately one minute to concentrate on the robber's face during the robbery. She also testified as to what the robber was wearing, to his physical features, to what he said to her during the robbery, to what the demand note looked like, and to what the gun looked like. Finally, Ms. Harrison made an in court identification of the defendant as the robber, who she described as "look[ing] very much the same except for his attire" as the day he had robbed her.
 
 
 12
 The government second offered a picture taken from the bank's surveillance camera. Ms. Harrison testified that the picture was a fair and accurate representation of the bank as it appeared on April 8, 1991, and that there was no doubt in her mind that the man depicted in the surveillance photograph was the man who had robbed her on that date. The man was Estrada.
 
 
 13
 To support Estrada's conviction on count two, the government offered the testimony of Gloria Celaya, the Bank of America teller who was robbed. Ms. Celaya testified that the defendant was the man who had robbed her. Estrada does not challenge this identification. Ms. Celaya also testified that, although her view was partially obstructed by the demand note, she definitely could see that the robber was holding a gun during the robbery. Specifically, she identified the gun as the "front barrel type." She refused to retreat from this position during cross-examination.
 
 
 14
 Viewing the evidence in the light most favorable to the government and respecting the exclusive province of the jury to determine credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from the proven facts, we cannot conclude that the jury could not reasonably find the defendant guilty beyond a reasonable doubt on both counts.
 
 
 15
 II. The Variance Between the Indictment and the Proof at Trial Was not so Defective as To Warrant Reversal
 
 
 16
 The indictment in this case charged Estrada in count two with having robbed the Bank of America, 11210 Washington Boulevard, Sante Fe Springs, California. At trial, however, Ms. Celaya testified that the Bank of America was located in Whittier, California. The bank's manager, Ms. Hernandez, clarified that the Bank of America was on the border of Whittier and Santa Fe Springs. Finally, Officer Lomonaco testified that the robbery occurred in Santa Fe Springs. We need not resolve this factual dispute, because the variance between the indictment and the proof at trial, if any, does not warrant reversal.
 
 
 17
 A variance requires reversal only when the defendant's substantial rights are prejudiced. United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir.1992), cert. denied, 1993 WL 23303 (U.S., Mar 8, 1993); United States v. Morse, 785 F.2d 771, 775 (9th Cir.), cert. denied, 476 U.S. 1186 (1986).
 
 
 18
 A variance between the charge of the indictment and the proof offered at trial may affect the substantial rights of a defendant in a criminal case if the effect is to prevent the defendant from presenting his defense properly, or if it takes him unfairly by surprise, or if it exposes him to double jeopardy. Where ... the alleged variance does not have any of those effects it should not serve as a grounds for reversal.
 
 
 19
 United States v. Anderson, 532 F.2d 1218, 1227 (9th Cir.), cert. denied, 429 U.S. 839 (1976). Particularly considering that the indictment in this case provided the street address of the Bank of America, Estrada has not and cannot make the requisite showing of prejudice for reversal.
 
 
 20
 III. The District Court Did Not Err in Denying Defendant's Requested Jury Instruction
 
 
 21
 At the close of trial, Estrada requested that the following instruction be read to the jury:
 
 
 22
 If a party offers weaker and less satisfactory evidence when stronger and more satisfactory evidence could have been produced, you may view the evidence offered with suspicion.
 
 
 23
 You must remember, however, that the defendant is not obliged to produce any evidence or call any witnesses.
 
 
 24
 The district court refused the instruction.
 
 
 25
 This court has not resolved whether a district court's denial of a proposed jury instruction is reviewed de novo or for an abuse of discretion. United States v. Streit, 962 F.2d 894, 897 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992). It does not matter in this case, however, because under either standard the district court acted properly.
 
 
 26
 "Failure to give an instruction on the defendant's theory of the case is reversible error if the theory is legally sound and evidence in the case makes it applicable." United States v. Scott, 789 F.2d 795, 797 (9th Cir.1986). Because Estrada has not shown either that the evidence in question was available to the government or that it would prove stronger than the eyewitness testimony in fact offered, we conclude that it was not error to refuse the instruction.
 
 
 27
 IV. The District Court Did Not Err in Denying the Defendant's Request for a Continuance
 
 
 28
 On the morning of his trial date, Estrada requested a continuance, a request in which his attorney did not join. The district court denied the request. We review a district court's decision to grant or deny a motion for a continuance for an abuse of discretion. United States v. Cuevas, 847 F.2d 1417, 1421 (9th Cir.1988), cert. denied, 489 U.S. 1012 (1989).
 
 
 29
 "[B]efore a district court's denial of a continuance will be reversed, 'the appellant must establish that the refusal resulted in prejudice to his defense.' " United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1051 (9th Cir.1990) (quoting United States v. Long, 706 F.2d 1044, 1053 (9th Cir.1983)). Estrada has failed to offer any evidence or explanation as to how he was prejudiced by the district court's denial of his requested continuance. Particularly considering that Estrada had requested and received a previous continuance, we conclude that the district court did not abuse its discretion in denying his request.
 
 CONCLUSION
 
 30
 Accordingly, Estrada's convictions on both counts of armed bank robbery are hereby AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3