**AMERICAN SAMOA GOVERNMENT, Plaintiff-Appellee**

**v.**

**THERESA FANUAEA LEIATAUA, Defendant-Appellant**

High Court of American Samoa
Appellate Division

AP No. 22-95

August 1, 1996

Before KRUSE, Chief Justice.

Counsel:      For Plaintiff-Appellee, Henry W. Kappel, Assistant
Attorney General
For Defendant-Appellant, Ellen A. Ryan

Order Denying Motion for Stay of Execution of Sentence:

Appellant Theresa Fanuaea Leiataua ("Leiataua") moves us to stay
execution of her criminal sentence, pending appeal, on the basis of "cause

shown" under A.S.C.A. § 46.2401. Leiataua was convicted on two counts of larceny or fraud in violation of A.S.C.A. § 28.0111. The first conviction, in CR No. 9-94, involved the use of a false invoice to secure a loan from the Development Bank of American Samoa ("DBAS"). The second conviction, in CR No. 44-94, involved Leiataua's actions in using her position as vice-president of loans at DBAS to bypass loan approval procedures. For purposes of this Order, we accept the facts as found by the trial court and as recited in the memorandums of both Leiataua and the government.

## DISCUSSION

Appellate Court Rule 9 outlines the criteria for release pending appeal as follows:

> The decision as to release pending appeal *shall be made in accordance with the relevant provisions of the American Samoa Code Annotated.* The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.

A.C.R. 9(c) (emphasis added). Leiataua moves for release under A.S.C.A. § 46.2401, which states:

> Pending the hearing and determination of an appeal, execution of a final sentence of the High Court, except a sentence of death, *will not be stayed* unless the appellate division, the trial division, or the Chief Justice orders a stay for cause shown and upon such terms as it or he may fix.

A.S.C.A. § 46.2401 (emphasis added). Leiataua claims she can show cause because a substantial question of law exists, making the reversal of her conviction likely.

The federal courts have adopted two different standards to measure whether a legal question is substantial enough to grant a stay of execution or release pending appeal. Under one standard, a substantial question is one that is "fairly debatable," "fairly doubtful," or "one of more substance than would be necessary to a finding that it is not frivolous." Under the other standard a substantial question is "a 'close' question or one that very well could be decided the other way." *U.S. v. Perholtz*, 836 F.2d 554 (D.C. Cir. 1987). The latter standard is more demanding. *Id.* Because the language of § 46.2401 is weighted against granting a stay, we adopt the latter standard in examining the question of substantiality. Thus, a person seeking a stay bears the burden of showing that a close question of law exists, that is, one

that could well be decided the other way on appeal. In so requiring, we affirm the policy of the statute that convicted persons not be released without a substantial showing of error.

In attempting to show error, Leiataua makes a lengthy argument that her convictions do not fit the definition of misapplication of funds as contemplated by A.S.C.A. § 28.0111.[1] She submits the following definition: "misapplication of funds . . . occurs when funds are distributed under a record which misrepresents the true state of the record with the intent that bank officials, bank examiners, or the Federal Deposit Insurance Corporation will be deceived." *United States v. Kennedy*, 564 F.2d 1329, 1339 (9th Cir. 1977). She claims that the trial court did not find the requisite misrepresentation under this definition. This argument has no merit.

■ First, the High Court is not bound to accept the definition of "misapplication" expounded by the federal courts. Although we often look to the federal courts for guidance, we are not bound by their pronouncements. Thus, it is unclear whether we would adopt the same definition of misapplication as the federal courts have.

Second, even if we were to accept a federal court definition for misapplication, the definition offered by Leiataua is not the only definition they have used. In one of the Ninth Circuit's more recent misapplication cases, it stated the following:

> The government can prove the misapplication element by showing that a bank has been "deprived of its right to . . . make its own decision as to how [its] funds are used." *United States v. Hazeem*, 679 F.2d 770, 772 (9th Cir. 1982) (internal quotation omitted). To show that the bank was deprived of that right, the government must show that funds were disbursed from the bank under a false pretense designed to deceive bank officials. *Id.*; *United States v. Unruh*, 855 F.2d 1363, 1371 (9th Cir. 1987.

*U.S. v. Wolfswinkel*, 44 F.3d 782, 786 (9th Cir. 1995). This definition, broader than that offered by Leiataua, would seem to cover both of her convictions. In CR No. 44-94, she misrepresented the status of her loan

---

[1] We are not sure that Leiataua has properly preserved this argument for appeal. However, we dispose of this motion on other grounds, and need not concern ourselves with this question at this time.

with Amerika Samoa Bank when she convinced DBAS to buy it out. In CR No. 9-94, she allowed an expenditure of funds to reimburse her for materials that she never purchased nor intended to purchase. These satisfy us as false pretenses under this definition.[2]

■ Finally, even if we accept the definition offered by Leiataua, she still does not have grounds for having her sentence vacated. In convicting her in CR No. 9-94, the trial court found that Leiataua, at a minimum, acquiesced to a disbursement of funds to her based upon a false invoice. *A.S.G. v. Leiataua*, 28 A.S.R.2d 206 (Trial Div. 1995). This false invoice clearly constitutes a false record upon which funds were distributed. Because both sentences were identical and are running concurrently, our upholding of one is sufficient to deny the stay of execution without examination of the other. *See United States v. Draiman*, 614 F. Supp. 307, 312 (D.C. Ill. 1985). Thus, we need not consider what effect this definition would have with regard to the conviction in CR No. 44-94 at this time. Therefore, Leiataua's arguments concerning the precise definition of misapplication are insufficient to show cause for a stay of execution.

Leiataua also makes an argument that the trial court's finding of intent was erroneous. Her argument, however, is basically an assertion that the trial court gave too broad a reading to *United States v. Krepps*, 605 F.2d 101 (3d Cir. 1979). This brief argument, even if accepted, does not negate the finding of intent, and is therefore not sufficient to show cause for a stay of execution.

The motion is denied.

It is so ordered.

■

---

[2] This broad definition may also answer Leiataua's argument that she cannot be convicted merely because proper bank procedures were not followed. It seems to us that the following of bank procedures is essential to the bank retaining its right to make its own decision as to how its funds are used. This argument can be more fully explored on appeal.