131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
GUADALUPE CHACON-PALOMARES, Defendant-Appellant.
 No. 97-30037.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-96-00118-HJF; Helen J. Frye, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judge.
 
 
 1
 MEMORANDUM*
 
 
 2
 Guadalupe Chacon-Palomares appeals his jury conviction for illegal reentry in violation of 8 U.S.C. § 1326(b)(2). Chacon-Palomares contends that the district court erred by denying his motion for acquittal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see United States v. Hernandez, 105 F.3d 1330, 1332 (9th Cir.), cert. denied, 118 S.Ct. 227 (1997), and we affirm.
 
 
 3
 Chacon-Palomares first contends that the district court erred by denying his motion for acquittal because there was insufficient evidence of alienage to sustain a conviction. We disagree because the government introduced evidence that Chacon-Palomares had previously been deported as an alien and a 1993 order of deportation to Mexico containing Chacon-Palomares's thumbprint. See Hernandez, 105 F.3d at 1333 (holding that prior deportation order and defendant's admissions constituted sufficient proof of alienage); see also United States v. Sotelo, 109 F.3d 1446, 1448-49 (9th Cir.1997) (holding that deportation order combined with defendant's admissions to INS agent and at deportation hearing was sufficient evidence of alienage).
 
 
 4
 Chacon-Palomares next contends that the district court erred by denying his motion for acquittal because there was a prejudicial variance between an element of the crime charged in the indictment and proof of the element at trial. This contention lacks merit.
 
 
 5
 The indictment alleged that prior to his deportation, Chacon-Palomares was convicted of the aggravated felony of delivery of a controlled substance. To prove the aggravated felony element at trial, the government introduced a judgment of conviction establishing the prior felony as conspiracy to deliver a controlled substance. The variance did not affect Chacon-Palomares's substantial rights because the difference between conspiracy to deliver and delivery of a controlled substance is irrelevant to the conviction of illegal reentry pursuant to 8 U.S.C. § 1326(b)(2). See United States v. Von Stoll, 726 F.2d 584, 585 (9th Cir.1984) (stating that variance between indictment and proof does not require reversal unless it affects the substantial rights of the parties). Furthermore, in addition to the judgment of conviction being provided to Chacon-Palomares before trial, the indictment adequately apprised him of the prior conviction by identifying the correct case number, court, date of conviction and substance involved. See United States v. Hazeem, 679 F.2d 770, 773-74 (9th Cir.1982) (substantial rights not affected when indictment sufficiently explicit to inform defendant of charges against him and protect him against double jeopardy). Accordingly, the district court did not err by denying the motion for acquittal. See Hernandez, 105 F.3d at 1332.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3